UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROSE COLOMBO,

               Plaintiff,

-against-

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

               Defendant.
------------------------------------------------------------X

**OPINION AND ORDER
12-CV-3495 (SJF)**

FEUERSTEIN, District Judge:

Before the Court is the Commissioner of Social Security's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The motion is **GRANTED** and plaintiff's complaint is dismissed.

## I.    Background[1]

Plaintiff was born in August 1942. Tr. 81. On January 6, 1961, she married Cesar A. Malaga ("Malaga"). DE 1 at pp. 1, 11. The marriage ended in divorce on August 21, 1991. *Id.* at 1, 13-14.

In September 2007, plaintiff filed an application with the Social Security Administration ("SSA") for spousal insurance benefits based upon the earnings record of her former husband, Cesar A. Malaga. Tr. 24, 397-399.[2] In November 2007, the SSA notified plaintiff that she was awarded benefits as of her September 2007 application date. Tr. 397. On November 17, 2007, plaintiff filed a request for reconsideration, alleging she was entitled to benefits as of January

---

[1] The facts of this case are limited to plaintiff's application for spousal insurance benefits, the only claim at issue. A finding of disability in plaintiff's favor was issued in 1999.

[2] "Tr." refers to the transcript of the administrative record.

2002, the date her former husband became entitled to retirement benefits. *Id.* The request for reconsideration was denied on July 21, 2008. Tr. 395-99.

Based upon plaintiff's claim that she was misinformed by the SSA as to the date upon which she could apply for benefits, plaintiff was granted a hearing, which was held on October 19, 2010 before Administrative Law Judge ("ALJ") Joseph R. Faraguna. Tr. 466. Plaintiff appeared with a paralegal from Touro Law School's Senior Citizen Law Program. Tr. 466-69. The ALJ, who considered the case *de novo*, determined on November 18, 2010 that plaintiff was not entitled to spousal insurance benefits prior to September 2007. Tr. 21-27. On June 8, 2012, the Appeals Council denied plaintiff's request for review, making the ALJ's decision final. Tr. 3-5.

In its reconsideration determination dated July 21, 2008, the SSA advised plaintiff that to collect spousal retirement benefits, the claimant had to be at least 62 years of age. Tr. 398. According to SSA records: (1) plaintiff was born in August 1942; (2) would not attain the required age until August 2004; and (3) did not qualify for benefits at the time her former husband filed. *Id.* Accordingly, upon reconsideration, the SSA determined that plaintiff was not entitled to benefits prior to September 2007. Tr. 399.

At the hearing held October 19, 2010 before ALJ Faraguna, plaintiff testified that she should have began receiving benefits in 2004, but had been misinformed when she contacted the SSA and was advised she was too young to apply. Tr. 471. When the ALJ asked for proof, she referred to a letter dated October 20, 2004 ("2004 letter"), authored by plaintiff and stating that she wanted to apply for spouse's benefits. Tr. 429. Plaintiff claimed she mailed the letter to the SSA, but admitted she never received a response. Tr. 471, 473. Plaintiff's representative

advised the ALJ that she and plaintiff had participated in several conferences with the SSA and it suggested that plaintiff go through her files to see if she had written a letter to the SSA in connection with her request for benefits. Tr. 472. Plaintiff submitted the letter she claimed to have written and mailed in 2004 to the ALJ, but provided no other information or proof to substantiate her claim. Tr. 25.

By letter dated January 12, 2011 and addressed to the SSA Appeals Council, plaintiff stated that she began calling the SSA before she was 62 years old and the SSA correctly advised that she was too young to apply. Tr. 400. The letter also stated that she contacted the SSA by telephone in 2004, when she was old enough to apply and the agency said she was too young. *Id.*

Plaintiff's complaint alleges that the Commissioner wrongfully denied her three (3) years of spousal benefits. DE 1 p. 1. The Commissioner moves for judgment on the pleadings and requests that the ALJ's decision be affirmed.[3]

## II. Discussion

### A. Legal Standard for Judgment on the Pleadings

Federal Rule of Civil Procedure ("FRCP") 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." In deciding a motion brought pursuant to FRCP 12(c), the Court applies "the same standard as that applicable to a motion under rule 12(b)(6)." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.

---

[3] In response to the Commissioner's motion, plaintiff filed an opposition and cross-motion. The "cross-motion" is actually a lengthy list of complaints against various individuals and requests, *inter alia*, that the caption be amended to include the United States Postal Service, Postal Inspector Hayes, the County of Suffolk and Cesar A. Malaga. Because the allegations neither arise from nor relate to this case, only those portions of the opposition which respond to the Commissioner's motion shall be considered.

1994) (citing *Ad-Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987)). Thus, a "party is entitled to judgment on the pleadings only if it is clear that no material issues of fact remain to be resolved and that it is entitled to judgment as a matter of law." *Straw v. Apfel*, No. 98 Civ. 5089, 2001 WL 406184, at *2 (S.D.N.Y. Apr. 20, 2001).

When considering a motion to dismiss a complaint, or one for judgment on the pleadings, the court must assume as true all allegations contained in the complaint. *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Furthermore, a court must construe the pleadings and any reasonable inferences in the light most favorable to the non-moving party. *Falls Riverway Realty, Inc. v. City of Niagara Falls, N.Y.*, 754 F.2d 49, 54 (2d Cir. 1985). "In resolving motions made pursuant to [FRCP] 12(c), a court is generally limited to considering the factual allegations set forth in the pleadings" because the use of materials outside the scope of the pleadings converts the motion into one for summary judgment. *Abiona v. Thompson*, 237 F. Supp. 2d 258, 265 (E.D.N.Y. 2002). Where the parties refer to the administrative record, regulations and ALJ decisions, however, those materials are deemed incorporated into the pleadings and are properly considered by a court deciding a motion brought pursuant to FRCP 12(c). *See Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).

In deciding a motion for judgment on the pleadings, the reviewing court "must first be satisfied that the 'claimant has had a 'full hearing under the Secretary's regulations and in accordance with the beneficent purposes of the Act.' " *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990) (quoting *Echevarria v. Sec'y of Health & Human Serv.*, 685 F.2d 751, 755 (2d Cir. 1982)). "It is the Commissioner's affirmative responsibility to develop the record in such a way as to

ensure a full and fair hearing." *Crespo v. Barnhart*, 293 F. Supp. 2d 321, 324 (S.D.N.Y. 2003). *See, e.g., Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999).

If the Court is satisfied that the record is fully developed, it then "reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standard." *Tejada*, 167 F.3d at 773. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) (holding that applying substantive law to uphold a denial of benefits before ensuring that the ALJ applied the correct legal principles creates "an unacceptable risk that a claimant will be deprived of the right to have her disability determination made" in accordance with the proper legal standards).

"Next, the Court examines the record to determine if the Commissioner's conclusions are supported by substantial evidence." *Tejada*, 167 F.3d at 773. Thus, a court's "function is limited to assessing whether the Commissioner applied the proper legal standards in making his determination and whether that determination is supported by the substantial evidence on the record as a whole." *Cruz v. Barnhart*, 343 F. Supp. 2d 218, 221 (S.D.N.Y. 2004) (quoting *Stancel v. Apfel*, No. 99 Civ. 9339, 2000 WL 1839758, at *3 (S.D.N.Y Dec. 13, 2000)).

"Substantial evidence requires 'less than a preponderance, but more than a scintilla of evidence [and] means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *T-Mobile Northeast LLC v. Town of Islip*, 893 F. Supp. 2d 338, 354 (E.D.N.Y. 2012) (quoting *Cellular Tel. Co. v. Town of Oyster Bay*, 166 F.3d 490, 494 (2d Cir. 1999)).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," remand to the Secretary for further development of the evidence is required.

*Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980) (citing cases).

**B.    The Commissioner's Motion**

   **1.    SSA Application Rules for Wife's Benefits**

Pursuant to the Social Security Act, a wife and/or every divorced wife of an individual entitled to old-age or disability benefits shall be entitled to a wife's insurance benefit. 42 U.S.C. § 402(b)(1). Eligibility for such benefits requires that the divorced wife: be validly married to a wage earner for a period of at least ten (10) years immediately preceding a final divorce; has attained 62 years of age; be unmarried; and have filed an application. *Id.* at §§ 402(b)(A)(1) and 416(d)(1). In addition, no individual is entitled to a monthly benefit for any month prior to the month in which the application for such benefits is filed. *Id.* at § 402(j)(4). The Commissioner's regulations provide, in relevant part:

> **You must file an application before you receive benefits.**
> In addition to meeting other requirements, you must file an application to become entitled to benefits. If you believe you may be entitled to benefits, you should file an application.

20 C.F.R. § 404.603. To protect the filing date of an application, a claimant may submit a written statement indicating an intent to claim benefits, which is signed by the claimant and received by the SSA. *Id.* at § 404.630. Where a plaintiff has not filed an application, or a letter in lieu of an application, he or she will not be entitled to benefits until the date of filing. *Vargo v. Sec. of Health and Human Servs.*, 913 F. Supp. 157, 159 (W.D.N.Y. 1995).

"The only exception to this rule concerns circumstances where no application is filed because of misinformation" from the SSA. *Id.* Title 42 U.S.C. § 402(j)(5) provides:

> In any case in which it is determined to the satisfaction of the Commissioner of Social Security that an individual failed as of any date to apply for monthly insurance benefits under this title by reason of misinformation provided to such individual by any officer or employee of the Social Security Administration relating to such individual's eligibility for benefits under this title, such individual shall be deemed to have applied for such benefits on the later of –
>
> (A) the date on which such misinformation was provided to such individual, or
>
> (B) the date on which such individual met all requirements for entitlement to such benefits (other than application therefor).

A claim of misinformation "must contain information that will enable the [SSA] to determine" that it actually provided misinformation regarding eligibility for benefits. *Card v. Colvin*, No. 13 Civ. 177, 2014 WL 2510568, at *5 (N.D.N.Y. June 04, 2014); *see* 20 C.F.R. § 404.633(f)). "The burden of proof is on the claimant to demonstrate that she received misinformation from an agency employee that caused her to fail as of a particular date to apply for monthly insurance benefits." *Thorp v. Apfel*, No. 97 Civ. 809, 1998 WL 683767, at *3 (W.D.N.Y. Sept. 17, 1998) (citing *Grubart v. Shalala*, 913 F. Supp. 243, 247 (S.D.N.Y. 1996)). The claimant must demonstrate: (1) the information was provided by an employee acting in his or her official capacity, (2) the information was incorrect, misleading, or incomplete in a situation when providing additional information was required, (3) the information was provided orally or in writing, and (4) the information was provided in response to a specific request from the claimant about eligibility for benefits. *See* 20 C.F.R. § 404.633(c)(1)-(4). "Although other evidence will be considered, the Commissioner will not find that a claimant was misinformed 'based solely on [the claimant's] statements.'" *Card*, 2014 WL 2510568, at *5 (quoting 20 C.F.R. § 404.633(d)(2)).

## 2. Whether Substantial Evidence Supports the Commissioner's Decision

The ALJ determined that "there was no convincing evidence of misinformation from an official source and no convincing evidence of a filing date for divorced spouse's benefits any earlier than September 2007." Tr. 26. On November, 17, 2007, plaintiff sought reconsideration of the SSA's determination that her benefits commenced as of her 2007 filing date and argued that she was entitled to benefits as of January 2002, when her former spouse became eligible. Tr. 26, 397. Yet, "[n]o mention is made of any allegation by the claimant of a letter dated October 20, 2004 indicating her intent to apply for spouse's benefits." Tr. 26.

With respect to plaintiff's alleged telephone inquiries regarding spousal benefits, the ALJ noted that "she is unable to provide any information such as the name(s) of the employee(s) at Social Security" with whom she spoke. *Id.* During the hearing on October 19, 2010, when the existence of the 2004 letter was raised for the first time, plaintiff testified that she mailed the letter, yet there is no evidence of a response from the SSA. *Id.* In addition, the 2004 letter came to light at about the same time plaintiff and the paralegal reported having discussions with SSA employees about ways to establish plaintiff's intention to file in 2004. *See* Tr. 471-72.

Additionally, in a letter to the Appeals Council dated December 5, 2008, plaintiff stated that she contacted the SSA by telephone on or about August 20, 2004 and was advised that she was too young to apply at her present age of 62. Tr. 26. Plaintiff contended that she made an inquiry by letter, but did not mention the alleged August telephone call to the SSA. Tr. 472-73. Moreover, in the December 2008 letter to the Appeals Council, "there was no mention whatsoever by the claimant of [the 2004 letter] indicating she wished to apply for spousal benefits, which is a major inconsistency." *Id.* Noting that it was possible that plaintiff first

-8-

inquired about benefits by telephone and, months later, communicated with the SSA by letter, "there is still no persuasive evidence that the Administration ever received or responded to either." *Id.*

## III. Conclusion

Based on the foregoing and because the Commissioner will not find that a claimant was misinformed based solely on the claimant's statements, the SSA's final decision is supported by substantial evidence and is therefore affirmed. Plaintiff has not demonstrated that she received misinformation from an agency employee which delayed her filing and accordingly, the Commissioner's motion for judgment on the pleadings is **GRANTED** and the case is dismissed. The Clerk of the Court shall close this case.

**SO ORDERED.**

Dated: September 29, 2014
      Central Islip, New York

                                      s/ Sandra J. Feuerstein
                                      Sandra J. Feuerstein, U.S.D.J.